

**IT IS ORDERED as set forth below:**

**Date: July 28, 2017**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| TYREE LESTER PATTERSON, | CASE NO. 14-65877-PWB |
| Debtor. | |
| | CHAPTER 7 |
| TAMARA MILES OGIER, as Chapter 7 Trustee, | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING |
| v. | NO. 16-5059-PWB |
| PRINCE K. DANIELS, | |
| Defendant. | |

### ORDER GRANTING MOTION FOR SANCTIONS, STRIKING ANSWER AND ENTERING DEFAULT AGAINST THE DEFENDANT

Before the Court is the chapter 7 Trustee's second motion seeking sanctions against the Defendant, Prince Daniels, for failure to comply with a scheduling order and failure to attend a deposition that was scheduled for a date mutually agreed upon by the parties. Mr. Daniels has not filed a response. Pursuant to Rule 37(b)(2) and (d) of the Federal Rules of Civil Procedure, made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure, the Court determines that the sanctions of striking Mr. Daniels' answer and entering default against him are appropriate.

### I. General Background

The following matters are undisputed and a matter of record.

On March 10, 2016, the Chapter 7 Trustee filed a complaint against Mr. Daniels seeking to avoid the transfer of real property located at 4122 South Vincennes Avenue, Unit 4S, Chicago, Illinois (the "Property") from the Debtor, Tyree Patterson, to Mr. Daniels and recover it for the benefit of the estate pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and applicable state law. The Trustee also seeks to sell the Property pursuant to 11 U.S.C. § 362(h).

Mr. Daniels filed his answer on April 11, 2016. Mr. Daniels also filed a motion to transfer venue [Doc. 6] and a motion to permit a non-attorney (the Debtor) to represent him. [Doc. 13]. After conducting a telephonic hearing with the Trustee's counsel and Mr. Daniels, the Court denied both motions. [Doc. 15,17]. Mr. Daniels

2

appealed this Order and contemporaneously filed a motion to suspend the proceedings pending the appeal. [Doc. 21, 22]. The Court denied the motion to suspend proceedings. [Doc. 27]. The District Court later dismissed the appeal based upon Mr. Daniels' request to withdraw it. [Doc. 50].

In the midst of these developments, the Trustee attempted to conduct discovery. The Trustee served requests for admissions, interrogatories, and a request for production of documents upon Mr. Daniels. [Doc. 7]. According to the Trustee, Mr. Daniels responded to the request for admissions and interrogatories, but he did not produce the requested documents. [Doc. 10].

On August 9, 2016, the Court held a hearing on the Trustee's motion to extend the discovery period with Mr. Daniels (appearing by telephone) and counsel for the Trustee. As a result of the discussions at the hearing, the Court entered a Scheduling Order [Doc. 19] on August 22, 2016 (the "First Scheduling Order").

The First Scheduling Order contained two provisions pertinent here. First, it required, within ten days of the entry of the Order, Mr. Daniels to provide to the Trustee's counsel, a date and time he would be available within the next 45 days to have his deposition taken in Atlanta at the Trustee's counsel's office. Second, subject to a timely filed motion or objection, it required Mr. Daniels to produce the documents requested by the Trustee's attorney at the deposition within 30 days after the completion of the deposition.

After several email and telephone inquiries by the Trustee to Mr. Daniels (August 9, August 24, September 14, and September 16, 2016, according to the

3

Trustee), Mr. Daniels and the Trustee's counsel agreed that the deposition would occur on September 27, 2016, at 10:00 a.m., at the offices of the Trustee's counsel. [Doc. 57, ¶¶ 9-14].

Mr. Daniels did not appear for the deposition.

Based upon Mr. Daniels' failure to appear and failure to produce documents, the Trustee filed her first motion for sanctions (the "First Sanctions Motion"). [Doc. 44]. The Trustee requested that the Court strike Mr. Daniels' answer, enter default judgment against him, and require him to pay the attorney's fees and expenses related to the failed deposition.

Mr. Daniels' response [Doc. 48] stated that "[d]ue to unforeseen medical issues, [he] was not able to attend the [] deposition on the date and time that was scheduled." [Doc. 48, ¶ 5]. Because of the unforeseen medical issues, he contended, his failure to attend was not willful or wanton and was "substantially justified." [*Id.*, ¶¶ 5-6]. There is no dispute, however, that Mr. Daniels made no effort to notify the Trustee of this explanation in advance of or after the date of the deposition.

On April 10, 2017, the Court entered an order on the Trustee's First Sanctions Motion (the "First Sanctions Order"). [Doc. 51]. the First Sanctions Order instructed Mr. Daniels as follows [Doc. 51 at 4]:

> Because entry of a default judgment against a party is a sanction of last resort, the Court shall provide Mr. Daniels one last opportunity to cooperate with the Trustee. To that end, the Court shall schedule a telephone conference at which time the Court shall assist

4

>  the parties in selecting a date, time, and location for a rescheduled deposition. In the event Mr. Daniels fails to participate in the telephonic hearing or fails to attend the rescheduled deposition the Court shall strike his answer and enter default judgment on the Trustee's claims.

On April 25, 2017, at 2:00 p.m., pursuant to its Order on the First Motion for Sanctions, the Court conducted a telephonic hearing with the Trustee's counsel and an individual who purported to be Mr. Daniels. With the assistance of the Court, the parties agreed to a date and time for the deposition.

Shortly after the conclusion of the telephone call, Mr. Daniels appeared in the Courtroom. He claimed to have known nothing about the telephonic hearing that had just ended.[1]

In order to explore this turn of events and put all of this on the record, the Court reconvened the hearing with Mr. Daniels in the courtroom and the Trustee's counsel appearing by telephone. With the assistance of the Court, Mr. Daniels and the Trustee's counsel agreed that he would appear at the office of the Trustee's counsel for a deposition on May 10, 2017, at 1:00 p.m.

Following the hearing, the Court entered a second Scheduling Order (the "Second Scheduling Order") [Doc. 55] that set forth the deposition date and included certain deadlines, including a deadline for producing documents after the deposition.

---

[1] The circumstances of this hearing (i.e., the appearance of an individual claiming to be Mr. Daniels on the phone and the later appearance by the "real" Mr. Daniels) remain unresolved and subject to further inquiry.

5

In addition, the Trustee's counsel sent written notice of the deposition date, time, and location to Mr. Daniels. [Doc. 54].

Mr. Daniels did not appear for the May 10, 2017, deposition.

Based on Mr. Daniels failure to comply with the Second Scheduling Order and failure to appear at the second deposition, the Trustee filed her "Second Motion for Sanctions Including Striking the Defendant's Answer, Rendering Default Judgment Against the Defendant, and for Attorney's Fees and Expenses." (the "Second Sanctions Motion") [Doc. 57].

Mr. Daniels has not filed a response to the Second Sanctions Motion.

## II. Sanctions for Discovery Violations

Rule 37 of the Federal Rules of Civil Procedure, made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure, governs sanctions for failure to cooperate with discovery. Rule 37(b)(2)(A) permits a court to impose sanctions on a party for failure to obey an order to provide or permit discovery. A court may also order sanctions against a party, pursuant to Rule 37(d)(1)(A)(i), if the party fails, after proper notice, to appear for a deposition. These sanctions, as set forth in Rules 37(b)(2)(A)(i) – (vi) and 37(d)(3), include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> 
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> 
> (iii) striking pleadings in whole or in part;

6

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

In addition, the court must order the disobedient party to pay reasonable expenses, including attorney fees, caused by the failure to obey the discovery order or appear for a deposition. FED. R. CIV. P. 37(b)(2)(C) and (d)(3).

Rule 37(b)(2)(A) provides that a court may issue a "just order[]" to redress a discovery violation. In consideration of whether a sanction is "just," a court must consider the nature and degree of the disobedient party's conduct. Whether to impose a sanction and the nature of any sanction imposed is in the discretion of the court. *U.S. v. $239,500 in U.S. Currency*, 764 F.2d 771, 773 (11th Cir. 1985).

The Eleventh Circuit Court of Appeals has recognized that the sanction of default judgment (or dismissal, in the case of a disobedient plaintiff) is a sanction of "last resort" and should not be imposed unless the Court concludes that (1) the disobedient party acted willfully or in bad faith; and (2) less drastic sanctions would not ensure compliance with the court's orders. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). *See U.S. v. Varnado*, 447 F. App'x 48 (11th Cir. 2011); *Clark v. Keen*, 346 F. App'x 441 (11th Cir. 2009); *Gebhardt v. Martin (In re Martin)*, 2017 WL 2222234 (Bankr. N.D. Ga. 2017) (Drake, B.J.).

### III. Appropriate Sanctions for Mr. Daniels' Conduct

The Court concludes that the striking of Mr. Daniels answer and entering default against him is "just" in light of his conduct.

As an initial matter, the Court concludes that it is not necessary to schedule the Second Sanctions Motion for a hearing. Mr. Daniels was on notice that his failure to attend the second deposition would result in the striking of his answer and the entry of default against him as set forth in the Court's April 10, 2017 Order. [Doc. 51]. *See Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538 (11th Cir. 1984) (no abuse of discretion existed where trial court dismissed disobedient plaintiff's complaint without hearing for repeated failure to attend depositions and where court had conducted an earlier hearing).

The Court has held multiple hearings and, at every juncture, has attempted to assist the parties in prioritizing the discovery challenges. This was done at least in part because Mr. Daniels is proceeding pro se. But Mr. Daniels' pro se status does not excuse compliance with discovery requirements. *Reed v. Fulton County Government*, 170 F. App'x 674, 676 (11th Cir. 2006) (affirming the dismissal of a plaintiff's complaint based on his failure to attend several scheduled depositions and noting, "pro se litigants are obligated to obey discovery orders").

The Court could have imposed sanctions against Mr. Daniels when he failed to attend his first deposition and the Trustee sought sanctions against him. In an effort to permit Mr. Daniels to defend on the merits, however, the Court instead gave Mr. Daniels an opportunity to cure his otherwise sanctionable conduct.

Mr. Daniels' second failure to appear for a deposition scheduled at his convenience leads to only one conclusion. Mr. Daniels' failure to participate in discovery has been willful and in bad faith. Mr. Daniels agreed to the date and time for the second deposition. The Court warned him that his failure to appear at the scheduled deposition would warrant the drastic sanction of striking his answer and entering default. He failed to appear without any explanation, and, he has not responded to the Trustee's Second Sanctions Motion.

The Court concludes that lesser sanctions will have no impact on Mr. Daniels' conduct. The Court previously directed him to pay the Trustee's attorney fees and costs in the amount of $1,370.00 pursuant to FED. R. CIV. P. 37(b)(2)(C) and (d)(3) after he failed to appear at the first deposition. The Court has made it clear that he must appear for a deposition and has made it as easy as possible for him to defend the Trustee's complaint.

Neither the earlier imposition of monetary sanctions nor the Court's warnings of the consequences of failure to participate in discovery have caused Mr. Daniels to appear for his deposition at a time he agreed to. The Court concludes that further monetary sanctions or further warnings and yet another chance to do what the Court has told him he has to do will not likely result in his appearance at a deposition.

The Court also notes that the Trustee has expended significant time and effort to accommodate Mr. Daniels, and her counsel has patiently worked with him in an effort to conduct discovery in an orderly and efficient manner. Mr. Daniels responded to accommodation from the Trustee's counsel – and the Court – with continued

9

noncompliance and no effort to explain or to justify it. The only appropriate remedy at this time is the striking of his answer and the entry of default.

In sum, Mr. Daniels was spared substantial sanctions after he failed to attend his first deposition and, despite the explicit warning from the Court that his failure to attend the second scheduled deposition on May 10 (a date and time that the parties agreed upon) would result in the striking of his answer and the entry of default, he nevertheless did not attend. The Court concludes that such conduct warrants the "just" sanction of striking Mr. Daniels' answer and entering default against him on the Trustee's claims.

### IV. Attorney Fees

With respect to an award of expenses, including attorney fees, for the failure to obey a discovery order or appear for a deposition, the court *must* require their payment by the party "unless the [party's] failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C) and (d)(3).

Mr. Daniels has offered no response to the Trustee's Second Sanctions Motion. As set forth above, the Court finds no reason to conclude that his failure to attend the deposition was substantially justified. As such, it is appropriate to require him to pay the Trustee's fees and expenses with respect to the second scheduled deposition in the amount of $1,345.30 as set forth in the Trustee's second motion. [Doc. 57, ¶ 26].

Based on the foregoing, it is

ORDERED that the Trustee's second motion for sanctions is granted. It is

FURTHER ORDERED that Mr. Daniels' answer [Doc. 4] is stricken and default is entered against him. It is

FURTHER ORDERED that the Trustee may file and serve upon Mr. Daniels a motion for default judgment attaching a proposed default judgment for the Court's review.

FURTHER ORDERED that Mr. Daniels shall pay the Trustee's fees and expenses with respect to the deposition in the amount of $1,345.30 pursuant to FED. R. CIV. P. 37(b)(2)(C) and (d)(3) within 30 days of the entry date of this Order.

**END OF ORDER**

**Distribution List**

Allen P. Rosenfeld
Ogier Rothschild & Rosenfeld, PC
170 Mitchell St., S.W.
Atlanta, GA 30303-3424

Tamara Miles Ogier
Ogier Rothschild & Rosenfeld, PC
170 Mitchell St., S.W.
Atlanta, GA 30303-3424

Prince K. Daniels
Unit 3L
300 Peachtree Street, NE
Atlanta, GA 30308

Prince Daniels
4122 S. Vincennes Avenue
Unit 4S
Chicago, IL  60653

Prince K. Daniels
Unit 1514
1080 West Peachtree St. NW
Atlanta, GA 30309